**In re BUZAS.**

No. 9490.

District Court, N. D. California, N. D.

Oct. 19, 1944.

---

[1] 15 U.S.C.A. § 22.

Max H. Margolis, of San Francisco, Cal., and Brantley W. Dobbins, of Vallejo, Cal., for the bankrupt.

Percy King, Jr., of Napa, Cal., for respondent.

WELSH, District Judge.

Petitioner, George J. Buzas, brings this proceeding to restrain the collection of a judgment for $900 and costs recovered against him in the Superior Court of the State of California, in and for the County of Napa, by the respondent, Peter Cassenos, and for a turnover order with respect to moneys already collected by execution of said judgment. Respondent's state court action was pending against petitioner when he filed his petition in bankruptcy herein. Judgment by default was recovered in that action by the respondent after petitioner received his final discharge in bankruptcy.

Petitioner contends that the claim of the respondent, duly listed in the schedule of debts of the petitioner accompanying his bankruptcy petition, was discharged by the decree of final discharge of this court.

The respondent disputes the jurisdiction of this court, in this bankruptcy proceeding, to hear petitioner's application for relief from the enforcement of the judgment of the state court. If jurisdiction be present in this court to entertain the application, then—asserts the respondent—the petitioner must be denied the relief he seeks because his liability to respondent upon which the state court judgment is based is one for willful and malicious injury to property and, consequently, is not discharged in bankruptcy. Bankr.Act, § 17, sub. a (2), 11 U.S.C.A. § 35, sub. a (2).

I am satisfied with the jurisdiction of this court in bankruptcy to determine in this proceeding the effect of the decree of final discharge entered herein upon the liability of the bankrupt to respondent, existing when this proceeding was instituted, and which was listed among the unsecured debts of the bankrupt in his schedule of liabilities filed herein; and to grant or deny the relief sought against the enforcement of that liability, according to the conclusion here reached as to the effect on such liability of petitioner's final discharge in bankruptcy. Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195; Holmes v. Rowe, 9 Cir., 97 F.2d 537.

At the time of the filing of the petition in bankruptcy herein, respondent's suit was pending in the state court. The complaint in that action (Bankrupt's Exhibit No. 1) alleged that the petitioner "* * * forcibly and unlawfully entered in and upon said (respondent's) cultivated real property and drove a truck over the growing vines and crop of tomatoes injuring and damaging the same in the sum of $300.00."

The prayer of the complaint asked for treble damages and costs.

By the default judgment entered subsequent to the final discharge of petitioner, the state court found that all of the allegations of the complaint were true; that the forcible entry of petitioner upon the property of respondent was willful and malicious, and awarded judgment to respondent in treble the amount of actual damage sustained.

The petitioner complains that at no time prior to the entry of judgment against him in the state court was respondent's claim based on any asserted willful or malicious injury to property; that at all times up to the entry of that default judgment, which occurred after petitioner was granted his final discharge, respondent's claim against him was one for simple trespass upon and injury to property, unaccompanied by any willfulness or malice. With this contention, I cannot agree. The forcible entry upon the property of another and the driving of a truck over the latter's growing

vines and tomatoes—and these were the charges of respondent in his complaint filed against the petitioner—imputes to the doer of the acts a course of conduct pursued not as the result of mere inadvertence or carelessness. The doing of these acts imports a state of mind accompanying them which is both willful and malicious. In San Francisco, etc., Soc. v. Leonard, 17 Cal.App. 254, 119 P. 405, which was an action for damages for forcible entry and detainer of real property, the court stated at page 269 of 17 Cal.App., at page 411 of 119 P.:

"It was not necessary in our opinion for the plaintiff to plead more than the alleged forcible detainer to entitle it to prove facts which would have justified the court in awarding exemplary or punitive damages. The charge of forcible detainer of real property necessarily carries with it the implication that such detainer is from a bad motive, and what the precise nature of that motive is—whether it be founded in malice or fraud or oppression of any sort—may properly be shown under the general averment that the detainer is forcible."

Moreover, from the fact that treble damages were requested by respondent in his complaint filed against petitioner in the state court, it is evident that ever since suit was instituted by respondent on his claim—and it must be remembered that this suit was pending when petitioner filed his application in bankruptcy—that claim was predicated upon a willful and malicious wrong. For to the extent that damages are sought for a forcible entry upon property, in the California state court, in excess of the actual pecuniary loss thereby sustained, they are not based upon any claimed right to compensatory relief. Their objectives are punitive and exemplary and they are allowed only in cases of wrongful acts done deliberately and unconscionably. In speaking of the power of the state court to award treble damages in cases of forcible or unlawful entry or detainer upon real property, the court in the case of San Francisco, etc., Soc. v. Leonard, supra, stated at page 271 of 17 Cal.App., at page 412 of 119 P.:

"That the power thus specially given the court was intended to be exercised in those cases only where the evidence discloses that the defendant has committed the tortious act charged against him wantonly or by oppression or with malice, express or implied * * *, is a proposition which, in our opinion is rendered free from any kind of doubt, if not alone by the language of section 1174 of the Code of Civil Procedure, then most surely by that of section 735 of the same Code."

It is my conclusion that the allegation of respondent's complaint that petitioner *forcibly* entered upon his property and damaged his growing crops, and his request for the imposition of treble damages for such acts, is the equivalent of a charge of willful and malicious injury to respondent's property, a liability not subject to discharge in bankruptcy. The record of the proceedings in the state court do not support petitioner's contention that a dischargeable claim was converted by the judgment entered subsequent to petitioner's discharge in bankruptcy into an undischargeable debt for the purpose of avoiding the effect of the discharge. The judgment awarding respondent treble damages for a willful and malicious injury to property was fully supported by the allegations of the complaint upon which it was based; and it has not been rendered ineffective because of the decree of final discharge granted to petitioner.

It is therefore ordered, that the petition of George J. Buzas to restrain the enforcement and collection by execution of the judgment of the Superior Court of the State of California in and for the County of Napa in the action entitled Peter Cassenos, Plaintiff, v. George Buzas, Defendant, and numbered 8374, be and the same is denied; that the temporary restraining order heretofore issued by this court against the enforcement of such judgment be and the same is dissolved; and that petitioner's application for an order directing respondent to turn over to petitioner the amount heretofore collected by him on said judgment is denied.